**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMES F. KELLY,

          Plaintiff,      1:18-cv-00240 (BKS/DJS)

v.

THE COUNTY OF ULSTER,

          Defendant.

**Appearances:**

James F. Kelly
Hyde Park, NY 12538
*Plaintiff pro se*

Earl T. Redding
Benjamin D. Heffley
Roemer Wallens Gold & Mineaux LLP
13 Columbia Circle
Albany, NY 12203
*Attorneys for Defendant*

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 12, 2018, Plaintiff James F. Kelly pro se filed a summons and complaint in New York Supreme Court, Ulster County, alleging that Defendant County of Ulster violated his rights by denying him the ability to participate in the Ulster County civil service open competitive examination for police officer and deputy sheriff solely based on his age. (Dkt. No. 2, ¶ 1). The complaint asserts a claim for "disparate treatment," as well as claims under the Fourteenth Amendment of the U.S. Constitution; the Age Discrimination in Employment Act of 1967 ("ADEA"); the New York Constitution; the New York Human Rights Law ("NYHRL");

and the New York Civil Service Law ("CSL"). (*Id.* at 12–19). Defendant removed the action to this Court by notice of removal on February 26, 2018 based on federal question and supplemental jurisdiction. (Dkt. No. 1). Defendant now moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (Dkt. No. 5). For the reasons set forth below, the motion is granted in part and denied in part.

## II. FACTS[1]

Plaintiff has worked as a part-time police officer for the Village of Rhinebeck since 1990 and the Town of Lloyd since 1999. (Dkt. No. 2, ¶¶ 19, 24). Under New York State Civil Service classifications, although "part-time and full-time officers possess the same authority, require the same qualifications and perform the same duties," part-time police officers are considered part of the "Non-Competitive" class, whereas full-time officers are part of the "Competitive" class. (*Id.* ¶ 24). To obtain a full-time position, applicants must "participate in an open-competitive exam," but "the ability to participate in the exam" is limited to applicants not "exceeding the age of thirty-five."[2] (*Id.*).

On September 1, 2016, Plaintiff completed an online application to participate in the "Ulster County Civil Service Open Competitive Exam #62682 for Police Officer/Deputy Sheriff" and submitted the requisite $40 filing fee. (*Id.* ¶ 20). At the time, Plaintiff was 52 years old. (*See id.* ¶ 19). On November 2, 2016, Plaintiff received a letter, dated October 31, 2016, from Ulster County Personnel Officer Sheree Cross, advising that Plaintiff could not participate in the examination because he was not between the ages of 19 and 35, as required by the CSL. (*Id.* ¶ 21; *see also id.* at 32). Plaintiff appealed this determination on November 4, 2016, pointing

---

[1] Unless specified otherwise, the facts are taken from the complaint and its exhibits and assumed to be true for purposes of this motion. *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To the extent the complaint contains legal arguments, they are not factual allegations and are therefore not summarized here.

[2] Plaintiff alleges that he "has been denied admittance to take the exam since the age of twenty-nine," but he does not indicate what the basis for the denial was. (*See* Dkt. No. 2, ¶ 58).

2

to "facts of [his] history and current employment status" and advancing various legal arguments. (*Id.* ¶ 21;[3] *see also id.* at 33). On November 26, 2016, Plaintiff received a response, dated November 23, 2016,[4] in which Ms. Cross stated that Plaintiff was "appropriately disqualified" based on the age criteria set forth in CSL § 58(1)(a); further, citing 29 U.S.C. § 623(j), Ms. Cross indicated that "disqualification of a police officer applicant because of age is permitted" by federal law. (*Id.* ¶ 22; *see also id.* at 35).

Plaintiff alleges that Defendant's enforcement of CSL § 58 has "diminished and impaired" the retirement benefits afforded to him as "a mandated member of the New York State Police and Fire Retirement System." (*Id.* ¶ 48). "The benefits of the retirement system are determined by years of credited service and final average salary," (*id.* ¶ 48), but because the "New York Civil Service limits the number of hours worked annually to 1040 hours (130 days) for police officers in the non-competitive class," Plaintiff's "inability to obtain full time employment" limits not only "the amount of wages" that he can earn but also "the amount of years of service credited to one half year," (*id.* ¶ 49).

Plaintiff served a notice of claim on the Ulster County Attorney on February 4, 2017. (*Id.* ¶ 4; *see also id.* at 36–38). Subsequently, on April 19, 2017, Defendant conducted an examination of Plaintiff in accordance with section 50-h of New York General Municipal Law. (*Id.* ¶ 5). Plaintiff also filed a charge with the U.S. Equal Employment Opportunity Commission (the "EEOC"), which dismissed it by letter dated September 26, 2017. (Dkt. No. 5-1, ¶ 12).[5] This action was originally filed in state court on February 12, 2018 and later removed to this Court.

---

[3] The complaint contains two paragraphs numbered 21.

[4] Plaintiff notes that the November 23, 2016 response date was four days past the November 19, 2016 examination date. (Dkt. No. 2, ¶ 22; *see also id.* at 22).

[5] Although the complaint does not reference the filing and dismissal of the EEOC charge, Defendant submitted the dismissal letter with its motion papers. The Court may take judicial notice of this document as a public record of an administrative body without converting the motion to dismiss to a motion for summary judgment. *See Jordan v.*

3

## III. DISCUSSION

### A. Fourteenth Amendment Claim

Plaintiff alleges that Defendant's application of CSL § 58's age limitation to "currently employed police officers" like himself without consideration for "bona fide occupation qualifications," (Dkt. No. 2, ¶¶ 19, 23–24, 31), constitutes age discrimination in violation of the Fourteenth Amendment's Equal Protection Clause, (*see id.* ¶¶ 35–38). CSL § 58(1)(a) provides that "no person shall be eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer . . . [unless] he or she is not . . . more than thirty-five years of age as of the date when the applicant takes the written examination." As Defendant correctly notes, the "statute makes no exception for current officers, like Plaintiff, who are employed in a non-competitive class." (Dkt. No. 5-5, at 11).

As an initial matter, the Court notes that, because Plaintiff challenges the constitutionality of CSL § 58(1)(a) but does not sue "the state, one of its agencies, or one of its officers or employees in an official capacity," he had to file a notice of constitutional question and serve the notice and his complaint on the New York Attorney General. *See* Fed. R. Civ. P. 5.1(a); *Marchant v. N.Y.C. Bd. of Elections*, 815 F. Supp. 2d 568, 579 (E.D.N.Y. 2011). Although Plaintiff has not filed any such notice, the Court addresses the merits because, as discussed below, the challenge fails in any event. *Cf.* Fed. R. Civ. P. 5.1(c) (providing that "the court may reject the constitutional challenge" before the attorney general's intervention); *cf. also* Fed. R. Civ. P. 5.1 advisory committee's note to 2006 adoption ("The court may reject a constitutional challenge to a statute at any time. . . . This rule does not displace any of the statutory or rule

---

*Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 591 n.1 (E.D.N.Y. 2013) (taking judicial notice of EEOC charge on a motion to dismiss); *see also Percy v. New York (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 587 & n.8 (S.D.N.Y. 2017).

procedures that permit dismissal of all or part of an action—including a constitutional challenge—at any time, even before service of process.").

A statute that discriminates on the basis of age is valid under the Equal Protection Clause as long as "the age classification in question is rationally related to a legitimate state interest." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000); *accord McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001) ("Because age is not a suspect classification under the Equal Protection clause, states may discriminate on the basis of age if the age classification is rationally related to a legitimate state interest."). In *Doyle v. Suffolk County*, the Second Circuit held that a previous version of CSL § 58(1)(a), which prohibited "the hiring of police officers who were 'more than twenty-nine years of age," did not violate the Equal Protection Clause. 786 F.2d 523, 524, 528–29 (2d Cir. 1986) (quoting N.Y. Civ. Serv. Law § 58(1)(1) (McKinney 1983)), *superseded by statute on other grounds*, 29 U.S.C. § 623(j) (1988). The court noted that the "obvious state interest sought to be advanced by the maximum age provision is the recruitment of police personnel physically able to discharge their duties," and "[d]enying appointment to those who have become 29 is rationally related to that interest." *Id.* at 528. The court further added:

> It is not irrational for the New York legislature to believe that physical abilities to perform the duties of a police officer decline beyond age 29. Even though it is undoubtedly true that many persons above the age of 29 can perform adequately as police officers, the legislature could rationally conclude that individual physical testing of all those 29 and older would yield a proportionately smaller group of qualified candidates than testing of those between 20 and 29. The legislature could therefore decide that the limited financial resources of the State's communities would be best used if physical testing was undertaken only among the group most likely to yield qualified candidates.

*Id.* at 528–29.

The current age limitation[6] in CSL § 58(1)(a) was challenged in *Feldman v. Nassau County*, where the court rejected the plaintiff's contention that "§ 58(1)'s age limitation is not a bona fide occupational qualification" under the ADEA and "violates the Equal Protection Clause." 349 F. Supp. 2d 528, 533 (E.D.N.Y. 2004), *aff'd*, 434 F.3d 177 (2d Cir. 2006). The court in *Feldman* pointed to the New York State Assembly's finding that "older officers leave the force at a higher rate than young officers and utilize more sick leave" and that "[w]ith per officer training costs calculated at an estimated $100,000, officer long term retention becomes an economic issue for the State." *Id.* at 534 (quoting N.Y. Bill Jacket, 1999 A.B. 3440, ch. 32). Observing that "[e]conomic considerations are legitimate bases upon which to uphold an age classification," the court concluded that CSL § 58(1)(a) was constitutional because it was "rationally related to the legitimate state interest of conserving financial resources, as well as ensuring a physically capable police force." *Id.*

Plaintiff distinguishes *Feldman* by asserting that the plaintiff in that case was not a "currently employed, appointed" police officer. (Dkt. No. 9, at 14). The case is silent about Feldman's employment status at the time of his request to take the examination. *See* 349 F. Supp. 2d at 531–32. But even assuming that Feldman, unlike Plaintiff, was not then employed as a part-time police officer in the noncompetitive class, that fact is not meaningful. Significantly, the Second Circuit opined in *Doyle* that "the legislature was entitled to consider the advantages of limiting appointment to those more likely to remain physically able to perform the duties of a police officer for a substantial period of time." 786 F.2d at 529. That legislative concern applies equally to all older applicants, whatever their employment status or experience at the time of the application. Likewise, the legitimate policy reasons identified by the court in *Feldman*, including

---

[6] The current maximum age of 35 years was enacted in 1999. *See* 1999 N.Y. Sess. Laws ch. 329 (McKinney).

the financial burden posed by older officers, *see* 349 F. Supp. 2d at 534, are of equal force irrespective of the applicant's employment status or experience. Therefore, the Court concludes that Defendant's application of CSL § 58(1)(a) to Plaintiff does not violate the Equal Protection Clause.[7]

### B. ADEA Claim

Plaintiff alleges that Defendant's application of CSL § 58(1)(a) constitutes age discrimination in violation of the ADEA. (Dkt. No. 2, ¶¶ 39–41). The ADEA protects workers over the age of 40 by making it unlawful for any employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual . . . because of such individual's age." 29 U.S.C. § 623(a); *see id.* § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age."). But Congress made an exception to this general prohibition by "allow[ing] the States to discriminate on the basis of age in the hiring of police officers and firefighters." *Petrelli v. City of Mount Vernon*, 9 F.3d 250, 253 (2d Cir. 1993). In relevant part, under 29 U.S.C. § 623(j), an employer's failure or refusal to hire based on age is not unlawful if the action is taken "with respect to the employment of an individual as a firefighter or as a law enforcement officer" and "the individual has attained . . . the age of hiring in effect on the date of such failure or refusal to hire under applicable State or local law," so long as the action is "pursuant to a bona fide hiring or retirement plan that is not a subterfuge to evade the purposes of this chapter."

---

[7] Citing *Truax v. Raich*, 239 U.S. 33 (1915), Plaintiff also argues that "the state must comply with the requirements of equal protection and due process in its regulation of 'common occupations.'" (Dkt. No. 9, at 12). In *Truax*, the Supreme Court invalidated on equal protection grounds a statute requiring companies to employ a certain percentage of U.S. citizens. *See* 239 U.S. at 41. The statute was "not limited to persons who are engaged on public work or receive the benefit of public moneys" but imposed discrimination "upon the conduct of ordinary private enterprise." *Id.* at 40. *Truax* does not address whether a state can discriminate based on age in its employment of police officers.

7

Defendant argues that the second claim should be dismissed because CSL § 58(1)(a) "has been upheld under ADEA's law enforcement exception on several occasions." (Dkt. No. 5-5, at 12). For example, the court in *Feldman* dismissed the plaintiff's ADEA claim because "the state statute was not a subterfuge to evade the purposes of the ADEA and falls within the ADEA's law enforcement exception." 349 F. Supp. 2d at 534. The Court agrees that age discrimination under CSL § 58(1)(a) comfortably falls within § 623(j)'s exception. Further, to the extent that Plaintiff asserts that Defendant violated § 623(c), (*see* Dkt. No. 2, ¶¶ 39–41), which prohibits age discrimination by a "labor organization," that claim fails because Defendant is an employer, not an organization that "exists for the purpose . . . of dealing with employers," § 630(d). Accordingly, Plaintiff's ADEA claim must be dismissed.[8]

C.     **Disparate Treatment Claim**

Plaintiff alleges "disparate treatment." (Dkt. No. 2, ¶¶ 56–65). Although Plaintiff does not spell out the specific provision of law on which he bases that claim, his opposition refers to the standard applicable to claims for age discrimination under the ADEA. (*See* Dkt. No. 9, at 14–15). As discussed above, Plaintiff has failed to state a claim under the ADEA in light of § 623(j)'s statutory exception permitting certain age limitations with respect to the employment of police officers. Applying the ADEA's standard yields the same result. "To establish a *prima facie* case of age discrimination, a plaintiff must show four things: (1) he is a member of the protected class; (2) he is qualified for his position; (3) he has suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of age discrimination." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (footnote omitted). Plaintiff, however, cannot show that he is qualified, as he is statutorily

---

[8] Given this disposition, the Court need not reach Defendant's argument that the ADEA claim is time-barred. (*See* Dkt. No. 5-5, at 12). For similar reasons, the Court does not address Defendant's contentions that the County cannot waive enforcement of CSL § 58 and that issue preclusion bars Plaintiff's legal theories. (*See id.* at 7–11).

ineligible for the position he seeks. *See Kofer v. Village of Pelham*, 710 F. Supp. 483, 484 (S.D.N.Y.) (reasoning that "since [the plaintiff] was older than section 58(1)(a) permitted, she had not been qualified for the position she sought" and "thus failed to prove an essential element of her prima facie case of discrimination"), *aff'd*, 888 F.2d 126 (2d Cir. 1989); *cf. Tavcar v. City of Riviera Beach*, No. 03-cv-80854, 2004 WL 2418311, at *3, 2004 U.S. Dist. LEXIS 21619, at *10 (S.D. Fla. Aug. 9, 2004) ("Since Plaintiff's employment with the Police Department would have . . . been illegal, Plaintiff was not qualified for the job and cannot establish a prima facie case of racial discrimination."); *McCullough v. Consol. Rail Corp.*, 776 F. Supp. 1289, 1295 (N.D. Ill. 1991) (explaining that the word "qualified" in age discrimination claims is "more akin to eligible or competent, not the most skilled, capable, or competent"). Accordingly, Plaintiff's claim for "disparate treatment" under the ADEA must be dismissed.

### D. Remand of State Law Claims to State Court

Having dismissed all federal claims, the Court declines in its discretion to retain supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (stating that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Doyle*, 786 F.2d at 525 ("With the federal claim failing at the outset of the litigation, the District Judge properly declined to exercise pendent jurisdiction over the state law claims."). Given the early stage of the case, remand rather than dismissal will not unduly prejudice Defendant and will provide an opportunity for Plaintiff to have his state law claims adjudicated on the merits. *See Sunnen v. N.Y. State Dep't of Health*, 544 F. App'x 15, 17 (2d Cir. 2013) (finding remand of state law claims "appropriate" despite the parties' failure to "make a timely request" for remand); *Valencia v. Lee*, 316 F.3d 299, 308 (2d Cir. 2003)

("Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed."); *Christiani v. BenefitPoint, Inc.*, No. 04-cv-638, 2004 WL 7330983, at *2 (D. Conn. Oct. 5, 2004) ("Now that there are only state claims remaining, the state court is better positioned to address the claims, and given the early stage of the proceedings, the parties will not be unduly inconvenienced by a return to state court."). Accordingly, Plaintiff's state law claims are remanded to New York Supreme Court, Ulster County, where the case originated.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 5) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's federal claims—i.e., his Fourteenth Amendment claim (first claim), ADEA claim (second claim), and "disparate treatment" claim (seventh claim)—contained in his complaint (Dkt. No. 2) are **DISMISSED with prejudice**;[9] and it is further

**ORDERED** that Plaintiff's state law claims—i.e., the third, fourth, fifth, and sixth claims—contained in his complaint (Dkt. No. 2) are **REMANDED** to New York Supreme Court, Ulster County, under Index No. 18-119; and it is further

**ORDERED** that the Clerk shall mail a certified copy of this order of remand to the Clerk of the New York Supreme Court, Ulster County; and it is further

---

[9] Plaintiff has not sought leave to amend the complaint. Even if he had, "an amendment is not warranted absent some indication as to what [a plaintiff] might add to [his] complaint in order to make it viable." *Shemian v. Research In Motion Ltd.*, 570 F. App'x 32, 37 (2d Cir. 2014) (quoting *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004)). As discussed in this decision, Plaintiff's claims are not viable as a matter of law and cannot be fixed by additional or sharper factual allegations. Accordingly, amendment is not warranted, and dismissal is with prejudice.

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules along with copies of the unpublished cases cited herein.

**IT IS SO ORDERED.**

Dated: November 6, 2018
       Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge